**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| vs. | ) | Case No. 06 CR 540 |
| | ) | |
| **STEPHEN ROGERS** | ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Defendant Stephen Rogers has filed a motion for new trial based on newly discovered evidence. He contends that the government failed to disclose exculpatory or impeaching information regarding the lead investigative agent, FBI agent Patrick Geahan. The motion is timely only if it qualifies as a motion based on newly discovered evidence. *See* Fed. R. Crim. P. 33(b)(1) (three-year limitation for motion based on newly discovered evidence) & 33(b)(2) (fourteen-day limitation for motion other than one based on newly discovered evidence).

### Discussion

A court may grant a motion for a new trial based on newly discovered evidence only if the evidence was discovered after trial; could not have been discovered earlier with due diligence; is not simply cumulative or impeaching; and probably would result in acquittal if presented at a new trial. *See, e.g., United States v. Shaaban*, 602 F.3d 877, 878 (7th Cir. 2010); *United States v. Reyes*, 542 F.3d 588, 595 (7th Cir. 2008).

It appears that in December 2009, agent Geahan seized evidence, including a computer, in a child pornography investigation unrelated to Mr. Rogers' case. He

placed the evidence in the trunk of his FBI vehicle and parked it outside his home. The evidence (or perhaps the vehicle) was stolen. There was an internal FBI investigation, and agent Geahan was formally censured in June 2010 for failing to take reasonable measures to secure the evidence.

The trial in the present case took place in July 2010. The government did not call agent Geahan to testify at trial. The defense called agent Geahan, largely to prove up impeachment of a government witness, "Andrea K."

Mr. Rogers' defense counsel concedes she was aware prior to trial that agent Geahan had left the computer in his vehicle and that it had been stolen. She says she was unaware prior to trial of the finding of misconduct and the discipline the FBI imposed on agent Geahan, and the government does not argue otherwise. Mr. Rogers argues that "[i]t is the FBI finding of misconduct and punishment imposed that is the relevant evidence." Reply at 2. As best as the Court can recall, defense counsel did not attempt to question agent Geahan about either the misconduct or the discipline when she called him to testify at trial, nor did she ask permission to do so.

If the relevant evidence is the underlying misconduct by agent Geahan, Mr. Rogers' motion fails because his counsel was aware of that evidence prior to trial. The Court therefore assumes for purposes of discussion that the relevant evidence is, as Mr. Rogers' counsel argues, the FBI's finding of misconduct and the resulting disciplinary action.

That said, the Court has serious doubt regarding whether the information that the defense now contends was the critical information could not have been discovered with due diligence prior to or at least during the trial. Counsel could have raised the issue

2

with the Court prior to calling agent Geahan to testify at trial, but as best as the Court can recall, she did not do so.

Even if the evidence could not have been discovered sooner, it is immaterial and could not possibly have led to an acquittal had it been offered, for the simple reason that it is inadmissible. First of all, the government did not call agent Geahan to testify, so the information could not have been used to impeach him during the government's case. Second, agent Geahan's actions in failing to secure evidence had no bearing on the matters on which the defense called him to testify, which largely concerned what Andrea K had said and when. The evidence would not have made any fact regarding which agent Geahan testified more or less likely, and even if somehow probative, the Court would have excluded it under Rule 403 on the ground that it was likely to confuse the issues to be decided by the jury. In short, the Court would not have allowed defense counsel to inquire about the finding of misconduct or the discipline even had counsel requested permission to pursue these matters when she called agent Geahan to testify.

The Court also disagrees with Mr. Rogers' contention that the evidence is exculpatory. Mr. Rogers notes that when first interviewed by agent Geahan, Andrea K could not recall why she took the photographs in question and sent them to Mr. Rogers. It was only in later interviews that she claimed Mr. Rogers had pressured her to take the pictures and send them to him. Mr. Rogers' theory that the evidence was exculpatory and relevant seems to be tied to this shift in Andrea K's story. Although Mr. Rogers does not articulate a clear theory of why agent Geahan's misconduct in the other case was exculpatory or otherwise admissible, his contention seems to be that the agent's

failure to follow rules to protect the integrity of the evidence in the other case makes it more likely that Andrea K made up the story about Mr. Rogers (either on her on or due to pressure from agents) or that agent Geahan recorded her inculpatory claims inaccurately. The former theory is a *non sequitur*; the two matters are nowhere near similar enough to make agent Geahan's unrelated misconduct relevant and admissible to support a theory that he engaged in misconduct vis-a-vis Andrea K, and his failure to secure evidence in the other case has no relation to the question of whether Andrea K made up her story. The latter theory is a non-starter; Andrea K also testified at trial that Mr. Rogers had importuned her to take and send the photographs, and she was fully subject to cross-examination regarding the veracity of that story. Agent Geahan's testimony, as a defense witness, that Andrea K did not give that same story at her initial interview actually helped the defense because it tended to show an inconsistency and possibly fabrication (a contention the jury rejected). Thus even if the evidence of agent Geahan's misconduct in the other case somehow suggests that he did not do a good job recording what Andrea K said – a proposition the Court rejects – this would not have made matters any better for the defense.

The Court would reach the same conclusion even if the "newly discovered evidence" were not, as Mr. Rogers contends, the discipline and finding of misconduct but rather the underlying misconduct itself.

For these reasons, the motion does not meet the criteria imposed by the Seventh Circuit for a motion for new trial based on newly discovered evidence.

## Conclusion

For the reasons stated above, the Court denies defendant's motion for a new

4

trial based on newly discovered evidence [docket no. 211].

_____
 MATTHEW F. KENNELLY
 United States District Judge

Date: February 22, 2011